IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EARLE,<br>    Petitioner, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-5385<br>: |
| SEAN MARLER, *et al.,*<br>    Respondents. | :<br>: |

## OPINION AND ORDER

On December 12, 2018, Petitioner Kevin Earle filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 20, 2019, United States Magistrate Judge Jacob P. Hart filed a Report and Recommendation recommending that the petition be dismissed without prejudice to petitioner's right to file a second petition for *writ of habeas corpus* after he exhausted his state court remedies. (ECF No. 15). On October 30, 2020, this Court approved and adopted the Report and Recommendation and dismissed the matter without prejudice. (ECF No. 18).

On June 24, 2021, Earle filed a Motion for Relief, relying on Rule 60 of the Federal Rules of Civil Procedure, as a basis to reopen this matter. (ECF No. 19). Earle does not allege error in the judgment entered in this matter, but rather argues that the claims are now exhausted and ripe for review. He further indicates that he intends to present additional claims that were not presented in the original petition. In this context, Rule 60(b) does not provide a basis to reopen the judgement.[1]

---

[1] Earle relies primarily on Rule 60(b)(6) as his basis for relief. To demonstrate entitlement to relief under Rule 60(b)(6), Earle must demonstrate "extraordinary circumstances." The eventual exhaustion of state court remedies was not "extraordinary," but rather the anticipated result. Further, Earle seeks to raise additional claims through his motion. This is not a proper use of a 60(b) motion. *See Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005) (noting that a 60(b) motion cannot be used to add new grounds for relief).

Despite the legal citation used by Earle, it is apparent to the Court that he actually intends to file a new habeas petition. Because Earle's prior petition was dismissed without prejudice to his right to file a second petition for writ of habeas corpus, there is no jurisdictional obstacle to such a petition. Accordingly, the Court construes the pleading as an attempt to file a new petition for writ of habeas corpus.

Accordingly, this 29th day of October, 2021, upon consideration of Kevin Earle's Motion for Relief (ECF No. 19), it is **ORDERED** that:

1. To the extent that Earle is exclusively attempting to reopen the judgment in this matter, that motion is **DENIED**.

2. The Clerk of Court is **DIRECTED** to open a new civil matter, brought as an action filed pursuant to 28 U.S.C. § 2254, using a copy of this Order, and a copy of Earle's Motion for Relief (ECF No. 19). The "Motion for Relief" should be docketed as a "Petition for Writ of Habeas Corpus" in the new civil action and should be docketed with a filing date of June 24, 2021, since that is the date that the Petition was originally received. This Order should be docketed in both this action and in the new civil action. The new civil action should be assigned in accordance with the Court's procedures.

3. The Clerk of Court is further **DIRECTED** to send Earle a copy of this Order, as well as a copy of the docket for the new civil action.

4. This case shall remain **CLOSED**.

BY THE COURT:

/s/ Hon. C. Darnell Jones II
_____
**C. DARNELL JONES, II, J.**